FILED UNDER SEAL

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| JANE DOE (S.R.C.), an individual § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> G6 HOSPITALITY IP, LLC; § <br> G6 HOSPITALITY PROPERTY, LLC; G6 § <br> HOSPITALITY PURCHASING, LLC; G6 § <br> HOSPITALITY FRANCHISING, LLC; § <br> MOTEL 6, INC., OPERATING, LP; § <br> KRISHNA HOSPITALITY, INC. D/B/A § <br> MOTEL 6, LLC; KRISHNA BLRAM, LLC § <br> D/B/A DALLAS MOTEL 6, LLC; AND § <br> LANCASTER HOSPITALITY, LLC § <br> D/B/A MOTEL 6 LANCASTER, § <br> § <br> Defendants. § | Civil Action No. 9:23-cv-00165-MJT |

## DEFENDANT KRISHNA HOSPITALITY, INC. D/B/A MOTEL 6 WEST'S MOTION FOR SUMMARY JUDGMENT

Defendant Krishna Hospitality, Inc. d/b/a Motel 6 West (hereinafter "*Krishna*") moves for summary judgment as follows:

### I.     Statement of Issues

Is Krishna entitled to entry of summary judgment in its favor as a matter of law because Plaintiff filed suit nearly a year after the Trafficking Victims Protection Reauthorization Act's ("TVPRA") 10-year limitations period expired?

### II.    Introduction and Background

1.  Plaintiff filed suit against Krishna for violations of the Trafficking Victims Protection Reauthorization Act (the "*TVPRA*"). Specifically, Plaintiff is seeking recovery for perpetrator liability under 18 U.S.C. § 1595(a) based on the violation of 18 U.S.C. § 1591(a) and beneficiary liability

1

under 18 U.S.C. § 1595(a). Pursuant to the TVPRA, Plaintiff alleges she sustained injury due to allegedly being sex trafficked at four hotels located in Dallas, Lancaster, and Plano, Texas.

2.  When the alleged victim is over the age of 18 at the time of the offense, a claim under the TVPRA is subject to a 10-year limitations period and accrues, and the limitations period begins to run, at the end of the period in which the victim was purportedly trafficked. 18. U.S.C. § 1595(c). This case is subject to a 10-year limitations period because Plaintiff was over 18 when the alleged trafficking period began. Additionally, the undisputed evidence establishes that Plaintiff could not have been trafficked on Krishna's property on or after October 24, 2012, if Plaintiff was ever trafficked. Therefore, Plaintiff was required to bring her claims against Krishna by October 24, 2022 (which is 10 years after the last date Plaintiff could have possibly been trafficked on Krishna's property).

3.  Although Plaintiff was required to file suit on or before October 24, 2022, she did not file her Complaint until September 20, 2023, nearly a year after the limitations period expired. Doc.1. There is no basis to toll the statute of limitations. As such, Krishna is entitled to summary judgment.

### III.    Statement of Undisputed Facts

4.  Plaintiff filed this suit on September 20, 2023, to seek recovery for the violations of the TVPRA. Doc. 1. Plaintiff alleges that, with regard to Krishna's property, she was first trafficked in "[l]ate 2010." **Exhibit A,** SRC Depo., at 106:4-10; and at 107:1-8 ("It would be the end, kind of close to Thanksgiving and Christmas […]"). At that time, Plaintiff was at least 21 years old. **Exhibit A,** SRC Depo., at 11:7-19; and **Exhibit C**, Answer to Interrogatory No 1.[1]

---

[1] Krishna requests the Court take judicial notice that the time between Plaintiff's date of birth and 2010 is more than 18 years. Pursuant to FRE 201, the Court must take judicial notice because Krishna has provided the information and requested that it do so.

5. On October 24, 2012, Plaintiff was arrested in Plano, Texas in connection with an incident involving her trafficker and associate. **Exhibit B**, G6_SRC_001390; and **Exhibit C**, Response to Request for Production No. 3 and JD (SRC) – 00054 to JD (SRC) – 00058.

6. Because Plaintiff had an outstanding warrant, upon her arrest she was transferred to Harris County and jailed. **Exhibit A,** SRC Depo., at 109:1-21; and **Exhibit C**, Response to Request for Production No. 3 and JD (SRC) – 0068.

7. Plaintiff was released from confinement on or about February 5, 2013. **Exhibit A,** SRC Depo., at 109:1-21; **Exhibit B**, G6_SRC_001390; **Exhibit C**, Response to Request for Production No. 3 and JD (SRC) – 0038; **Exhibit D**, G6_SRC_001402; and **Exhibit E**.

8. Plaintiff never returned to her alleged trafficker after she was released from confinement in February 2013. **Exhibit A,** SRC Depo., at 63:10-22.

9. On September 12, 2013, Plaintiff was arrested at her home for a parole violation and remained confined until she was sentenced to three years in prison on September 26, 2013. **Exhibit A,** SRC Depo., at 63:5-64:19 and 98:18-99:25, **Exhibit B**, G6_SRC_001390; and **Exhibit C**, Response to Request for Production No. 3 and JD (SRC) – 00039 and JD (SRC) – 0049.

10. Sometime in 2018, after reading an article about an attorney handling sex trafficking cases in the area, Ms. McAdams, Plaintiff hired counsel to file a claim to seek justice on her behalf. **Exhibit A,** SRC Depo., at 179:19-181:21.

11. On September 20, 2023, approximately five years after retaining counsel, Plaintiff filed this lawsuit. Doc. 1.[2]

---

[2] Krishna requests that the Court take judicial notice of the date Plaintiff filed her Complaint. A court may take judicial notice of the CM/ECF or PACER docketing system. *Thomas v. Culpepper*, No. 4:18-CV-814, 2019 WL 4564837, at *3 (E.D. Tex. Sept. 20, 2019) (citing *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019).

## IV.     Summary Judgment Evidence

12.     Krishna submits the following evidence in support of its motion for summary judgment:

| Exhibit A | Excerpts of SRC's Deposition |
| Exhibit B | Certified Judgment Adjudicating Guilt |
| Exhibit C | Excerpts of Plaintiff's Responses to Lancaster Hospitality, LLC dba Motel 6 Lancaster's First Set of Interrogatories and Requests for Production and Document Production |
| Exhibit D | Certified Order of Deferred Adjudication |
| Exhibit E | Harris County Criminal District Docket Sheet |

## V.     Summary Judgment Standard

13.     Summary judgment is proper in a case in which there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Perez v. Lorraine Enters., Inc.*, 769 F.3d 23, 29–30 (1st Cir. 2014). The moving party has the burden of showing there is no genuine dispute about any element essential to the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id.* Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

## VI.     Arguments and Authorities

A. *Plaintiff's claims are barred by the applicable limitations period.*

14.     When the alleged victim is over the age of 18 at the time of the offense, a claim under the TVPRA is subject to a 10-year limitations period and accrues, and the limitations period begins to run, at the end of the period in which the victim was purportedly trafficked. *Doe (L.M.)*

*v. 42 Hotel Raleigh,* LLC, 717 F. Supp. 3d 464, 466 (E.D.N.C. 2024); and 18 U.S.C. § 1595(c). It is the date on which the plaintiff's trafficking ceases at the defendant's hotel that triggers accrual and not the date on which the plaintiff ultimately "escapes from the grasp of their traffickers." *See Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 671 (S.D.N.Y. 2024); *Lama v. Malik*, 192 F.Supp.3d 313, 320 (E.D.N.Y. June 21, 2016) (holding that plaintiff's TVPRA claims accrued when she left the defendant's home in 2008); *Tiberi v. CIGNA Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996); *C.S. v. Choice Hotels Int'l, Inc.*, Case No: 2:20-cv-635-JES-MRM (M.D. Fla. May 17, 2021); *S. Y. v. Choice Hotels Int'l, Inc.*, Case No: 2:20-cv-118-JES-MRM (M.D. Fla. Apr. 29, 2021).

15.     Here, Plaintiff alleges she was first trafficked on Krishna's property in late 2010. **Exhibit A,** SRC Depo., at 106:4-10. At that time, Plaintiff was over 18 years old**. Exhibit A,** SRC Depo., at 11:7-19, **Exhibit C**, Answer to Interrogatory No 1. Therefore, Plaintiff's TVPRA claims are subject to a 10-year limitations period that accrued at the end of her alleged trafficking at Krishna's hotel. 18 U.S.C. § 1595(c).

16.     On October 24, 2012, Plaintiff was arrested in Plano. **Exhibit C**, Response to Request for Production No. 3 and JD (SRC) – 00054 to 00058. Following her arrest, Plaintiff was transferred to Harris County where she remained in jail until her release on or about February 5, 2013. **Exhibit A,** SRC Depo., at 109:1-21, **Exhibit B**, G6_SRC_001390; **Exhibit C**, Response to Request for Production No. 3 and JD (SRC) **–** 00039; **Exhibit D**, G6_SRC_001402. Plaintiff was subsequently arrested on September 12, 2013. **Exhibit A,** SRC Depo., at 98:18-99:25; and **Exhibit B**, G6_SRC_001390. Plaintiff was not trafficked from the time of her release on or about February 5, 2013 to when she was rearrested on September 12, 2013. **Exhibit A,** SRC Depo., at 63:10-22 & 109:1-21; **Exhibit D**, G6_SRC_001402. Upon her arrest on September 12, 2013, Plaintiff remained in custody until she was sentenced to three years in prison on September 16, 2013. **Exhibit B.** Upon

5

her release from prison, Plaintiff was not trafficked again. **Exhibit A**, SCR Depo. At 14:1-9). Therefore, the end of Plaintiff's alleged trafficking period occurred, and Plaintiff's TVPRA claims accrued, on October 24, 2012.

17.     Because Plaintiff's claims are subject to a 10-year limitation period, Plaintiff was required to file suit under the TVPRA on or before October 24, 2022. 18 U.S.C. §1595(c). Krishna is entitled to entry of summary judgment in its favor because Plaintiff did not file suit until September 20, 2023, nearly a year after the applicable limitation period expired. Doc. 1.

  B.  *Neither the discovery rule nor equitable tolling save Plaintiff's TVPRA claims.*

18.     In federal practice, the summary judgment burden to establish the application of a tolling theory is on Plaintiff. *Porter v. Charter Med. Corp.*, 957 F. Supp. 1427, 1436 (N.D. Tex. 1997). In Plaintiff's First Amended Complaint, under the heading "Discovery Rule," Plaintiff asserts the discovery rule, equitable tolling, and the continuing tort doctrine in an attempt to save her untimely claims. Doc. 10 at 108-113. However, none of these theories are applicable as a matter of law in this case.

19.     As a preliminary matter, the Texas law-based doctrines that toll the accrual of limitations do not apply to Plaintiff's claims under the TVPRA, which is a federal statutory claim with a federally created limitations period. Compare *Porter*, 957 F. Supp. at 1438 ("This discovery rule exception applies to federal law claims as to which a state statute of limitations is borrowed." (citing *Cathedral of Joy Baptist Church v. Village of Hazel Crest*, 22 F.3d 713, 717 (7th Cir. 1994)), with *'Lichee v. Port Drum Co.*, 197 F. Supp. 2d 723, n.6 (E.D. Tex. 2002) (noting that doctrines like "the Texas discovery rule" and "the continuing tort doctrine" "most likely would not apply to [a] Title VII claim since its statute of limitations is provided by federal law").

6

20. Nonetheless, even if the Texas law-based discovery rule or continuing tort doctrine could apply to delay the accrual of a TVPRA claim, neither of those theories, nor the judicially created doctrine of equitable tolling, do or should apply to Plaintiff's claims as a matter of law. Additionally, Plaintiff has not provided any evidence, nor does she have any, to support of any of these theories to avoid summary judgment. *See, e.g., McLaren v. Imperial Cas. & Indem. Co.*, 767 F. Supp. 1364, 1378 (N.D. Tex. 1991), aff'd sub nom. *McLaren v. Imperial Cas.*, 968 F.2d 17 (5th Cir. 1992) ("In responding to the grounds of the defense motions urging limitations as a defense, McLaren had the summary judgment burden to adduce some evidence in support of her 'discovery rule' plea of confession and avoidance. She failed to meet her summary judgment burden.").

      i.     The Discovery Rule

21. The discovery rule acts as "an exception to the general rule of accrual of a cause of action for limitations purposes." *Whiddon v. Chase Home Fin.*, LLC, 666 F. Supp. 2d 681, 688 (E.D. Tex. 2009). Where the rule applies, it tolls the limitations period "until such time as the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, facts indicating that he has been injured." *Id.* (citing *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008)). The application of the discovery rule is limited to situations where the nature of the injury is "inherently undiscoverable" and "objectively verifiable." *Id.* (citing *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006)). Notably, "[t]he rule delays the statute of limitations only until the claimant knows or should know the facts that could support a cause of action, not until she realizes that the facts do support a cause of action." *Colonial Penn Ins. v. Mkt. Planners Ins. Agency*, 157 F.3d 1032, 1034 (5th Cir. 1998).

22. An injury is "inherently undiscoverable" if it is unlikely to be discovered within the prescribed limitations period. *Vine Street LLC v. Keeling*, 351 F. Supp.2d 600, 604 (E.D.

7

Tex. 2005.) "[T]he discovery rule should only be invoked if it is difficult for the injured party to learn of a negligent act causing an injury." *Id.*

23.     It is clear that the discovery rule does not apply to the instant case before the Court. Plaintiff thought of herself as a trafficking victim *during* the alleged trafficking period. **Exhibit A,** SRC Depo., 148:18-149:14. Thus, Plaintiff had actual knowledge of the alleged facts that could support a cause of action under the TVPRA in real time. Thus, Plaintiff's alleged injury is not "inherently undiscoverable," and the discovery rule cannot apply.

        ii.     <u>Equitable Tolling</u>

24.     Similarly, equitable tolling cannot save Plaintiff's claims. Equitable tolling is a "rare remedy" that preserves a plaintiff's claims when the strict application of the statute of limitations would be inequitable. *E.g., Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014); *see also United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d. 806, 810 (5th Cir. 1998)). The doctrine of equitable tolling permits a plaintiff to sue after the limitations period has expired if she has been prevented from doing so due to inequitable circumstances. *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006). Equitable toll applies where the plaintiff establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Roberts v. Baptist Healthcare System*, 2022 WL 4493733 (E.D. Tex. Sep. 20, 2022); *and see Curz, 773* F.3d 138 (holding equitable tolling applied to toll the limitations period where she was held as a "virtual prisoner" in a human trafficking TVPRA case where the defendants allegedly "confiscated her passport, isolated her from other people, monitored her communications, and threatened that she would be imprisoned and deported if she tried to escape").

25.     "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 674 (S.D.N.Y. 2024) (refusing to apply equitable tolling to a TVPRA claim where no facts were pleaded connecting any control or brainwashing by the traffickers to the delay in filing suit).

26.     Instead, while the "extraordinary circumstance" that prevents a plaintiff from being able to bring forth her claims does not necessarily have to be directly caused by the defendant, "[e]quitable tolling applies **principally** where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (Citing *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996))(emphasis added). The "burden of demonstrating the appropriateness of equitable tolling lies with the plaintiff." *See Levin*, 747 F. Supp. 3d at 672. Further, equitable tolling is a rare remedy applied in unusual circumstances, not a cure-all for an entirely common state of affairs. *See Watson v. United States*, 865 F. 3d. 123 (2d Cir. 2017).

27.     Foremost, Krishna did nothing to prevent Plaintiff from discovering her TVPRA claim or timely filing suit. At no juncture in this litigation has it ever been alleged that Krishna's actions misled Plaintiff about her ability to bring a cause of action.

28.     Plaintiff instead baldly alleges that an incapacity caused by drug abuse and lingering psychological impact of her trafficking should toll the statute of limitations in this instance. Notably, in response to other Defendants' motions for summary judgment, Plaintiff provides no evidence to support this contention.

29.     In fact, the record evidence of this case explicitly dispels the notion that Plaintiff was unable to ascertain and appreciate her injuries and legal rights commensurate with this action. In

9

response to other of the Defendants' Motions for Summary judgment, Plaintiff specifically states "extraordinary circumstances, beyond her control, […] interfered with her ability to recognize and pursue her legal rights." Doc. 118, at pg. 7. This argument is belied by Plaintiff's retention of legal counsel when she did. Plaintiff first retained counsel in 2018, nearly five years before the limitations period expired. **Exhibit A,** SRC Depo., 179:19-181:21. Further, at the time Plaintiff retained counsel, she explained to her then-attorney, Ms. McAdams, that she had been trafficked beginning in 2010 and hoped "to get justice" for her alleged experience. *Id*. There could be no clearer an indicator that Plaintiff fully recognized her legal rights and injuries. Plaintiff could have filed suit at any time during the nearly five years before the limitations period expired after she retained counsel.

30.     Additionally, further evidence clearly establishes that at the time of the subject trafficking, Plaintiff was not experiencing any mental incapacity. For example, (1) Plaintiff participated in her defense against a 2011 felony robbery charge; (2) Plaintiff did not assert mental incapacity as a defense to the 2011 felony robbery charge; (3) Plaintiff repeatedly reported to the health care providers who treated her while she was serving the sentence for the 2011 robbery that she did not have any impairment[3]; (4) the healthcare providers determined that Plaintiff did not require any psychiatric services, did not require medications, did not have any suicidal ideations, did not have any impairments in daily functioning, and did not have any restrictions; (5) Plaintiff did not complain or have any issues in completing her housing and work assignments while she was serving her sentence; (6) Plaintiff sought and participated in counseling after she was released from prison in 2015; (7) Plaintiff acquired and responsibly maintained her apartment/housing; (8) In 2016, Plaintiff relocated to Shreveport, Louisiana where she met her fiancé; and (9) Plaintiff owned a remodeling company and worked at her remodeling company.

---

[3] Krishna has not attached Plaintiff's medical records to this Motion for HIPAA considerations. These records can be provided to the Court at the time of oral argument on this Motion, or by some other means the Court finds appropriate.

31. In sum, Plaintiff has produced absolutely no evidence to support the heavy burden of proving her entitlement to equitable tolling. *Bartlett v. Dep't of the Treasury (I.R.S.)*, 749 F.3d 1, 10 (1st Cir. 2014). Plaintiff did not experience the kind of "extraordinary" circumstances required by courts to apply equitable tolling., nor she diligently pursue her rights. Thus, equitable tolling is not available to toll the limitations period in this case.

   iii. <u>Continuing Tort</u>

32. When a federal statute does not contain a limitations period, the settled practice is to borrow an appropriate statute of limitations from state law. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015); *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). When a federal cause of action borrows a state statute of limitations, "coordinate tolling rules" are usually borrowed as well. *Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989) (quoting *Bd. of Regents of the Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 484, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)). *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *see also, Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir. 2005). Further, although often used by Texas intermediate courts, "[t]he Texas Supreme Court has not 'endorsed nor addressed' the concept of the continuing tort doctrine." *Walston v. Stewart*, 187 S.W.3d 126, 129 (Tex. App. 2006) (quoting *Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814, 816 n.8 (Tex. 2005)). The continuing tort doctrine is not a tolling provision under Texas law. *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 451 (5th Cir. 2007).

33. Here, the TVPRA does not borrow a state statute of limitations. The 10-year statute of limitations applicable to Plaintiff is prescribed in the TVPRA. 18 U.S.C. § 1595(c)(1).

11

Therefore, the Texas law continuing tort doctrine is inapplicable to Plaintiff's TVPRA claims and does not toll the statute of limitations.

34. However, to the extent Plaintiff is arguing for the application of a continuing violation rule governing accrual, as detailed in Section II, Defendant's analysis of when Plaintiff's statute of limitations expired is based on the last date Plaintiff could have been allegedly trafficked at Krishna's property. Therefore, Plaintiff's claims are untimely even when the last date the alleged wrongful conduct could have occurred is used to calculate Plaintiff's statute of limitation.

35. Accordingly, as the undisputed evidence establishes that Plaintiff filed her claims after the statute of limitations expired and there is no basis to toll the limitations, Krishna's motion for summary judgment should be granted.

## VII.    Conclusion and Prayer

36. When the alleged victim is over the age of 18 at the time of the alleged offense, a claim under the TVPRA is subject to a 10-year limitations period that begins to run, at the end of the period in which the victim was purportedly trafficked. 18 U.S.C. § 1595(c). Here, Plaintiff's TVPRA claims accrued, and the limitations period began to run on the last occasion that she was allegedly trafficked, on October 24, 2012. **Exhibit A,** SRC Depo., 63:10-22 and 109:1-21. Neither equitable tolling nor the discovery rule applies to toll the limitations period. Krishna is entitled to entry of summary judgment on Plaintiff's claims under the TVPRA because Plaintiff did not file suit until September 20, 2023, almost a year after the applicable limitations period expired.

WHEREFORE, Krishna Hospitality, Inc. d/b/a Motel 6 West respectfully requests that the Court grant its motion for summary judgment, enter summary judgment in its favor, and for all other relief to which it may be entitled.

**GORDON REES SCULLY MANSUKHANI, LLP**

By:     */s/Adrienne Stonecypher*
          **CHRISTOPHER C. EGE**
          State Bar No. 24029532
          cege@grsm.com
          **JASON J. IRVIN**
          State Bar No. 24032460
          jirvin@grsm.com
          **ADRIENNE STONECYPHER**
          State Bar No. 24106469
          astonecypher@grsm.com

          2705 Bee Caves Road, Suite 220
          Austin, Texas 78746
          (512) 391-0197 (Tel)
          (512) 391-0183 (Fax)

          1900 West Loop South, Suite 1000
          Houston, Texas 77027
          (713) 961-3366 (Tel)
          (713) 961-3938 (Fax)

          **ATTORNEYS FOR DEFENDANT KRISHNA HOSPITALITY, INC. D/B/A MOTEL 6 WEST**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on October 20, 2025, pursuant to Local Rule CV-5(a), and has been served on all counsel via electronic mail.

          */s/ Adrienne Stonecypher*
          Adrienne Stonecypher

## CERTIFICATION PURSUANT TO LOCAL RULE CV- 5(a)(7)(B).

  I certify that am motion to seal the foregoing motion and the accompanying exhibits was filed on October 20, 2025

<i>/s/ Adrienne Stonecypher</i> ____<br>
Adrienne Stonecypher